IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRAD WATSON and BELLA CORP. D/B/A/ BROADWAY POWERSPORTS<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§    CASE NO. 6:11-CV-035<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the Court is American Honda Motor Co., Inc.'s ("AHM") Motion to Dismiss Under Rule 12(b)(6) (Docket No. 4). After consideration of the parties' briefing, AHM's motion is **DENIED**.

**BACKGROUND**

On January 18, 2011, Brad Watson and Bella Corp. d/b/a/ Broadway Powersports (collectively "Bella") filed this lawsuit against AHM alleging tortious interference with contract. On February 8, 2011, AHM filed a motion to dismiss for failure to state a claim upon which relief can be granted. The following facts are presented as alleged in Bella's complaint.

Bella entered into a Sale/Purchase Agreement with Reale Atocha, Inc. ("Reale") to purchase McKinnon Honda of Tyler, a dealership that sells Honda utility vehicles and motorcycles. After paying earnest money and setting the transaction for closing, Bella submitted the dealership transaction to AHM for approval. AHM requested allocation of additional floor space for Honda products and proof of adequate capitalization. Bella addressed these concerns; however, AHM still

refused to approve the transaction. In response, Bella filed the instant action, asserting that AHM's refusal to approve the transaction was contrary to established Texas law.

## APPLICABLE LAW

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). When considering a 12(b)(6) motion to dismiss, the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

## ANALYSIS

Bella alleges that AHM tortiously interfered with its contract to purchase the McKinnon Honda of Tyler dealership. Bella's complaint also raises facts relevant to a justification defense regarding the application of section 2301.359 of the Texas Occupation Code. AHM asserts that Bella has failed to allege sufficient facts to support its claim and that the claim improperly relies upon remedies in the Texas Occupation Code that are not available to third-parties in dealership transactions.

*Tortious Interference with Contract*

Under Texas law, the elements of tortious interference with contract are: "(1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998).

Bella's complaint alleges sufficient factual context to survive a motion to dismiss, providing AHM with fair notice of the claim and its factual grounds. The complaint alleged that Bella had entered into a contract with Reale, providing factual support for the first element. *See* Pls.' Original Compl., Docket No. 1, ¶¶ 7, 11 [hereinafter Complaint]. It also alleged that the contract was submitted to AHM for approval; however, AHM allegedly expressed reservations regarding the floor space afforded Honda products and the capitalization of Bella. *Id.* ¶ 8. The complaint further alleged that Bella addressed these concerns, and AHM still "refused to approve the sale." *Id.* ¶ 9. Bella asserts that this refusal was illegal under the Texas Occupation Code. *Id.* ¶ 11. The alleged illegal refusal to approve the sale is sufficient factual basis to support the second element of tortious interference with contract.

Bella also alleges that AHM's refusal to approve the contract was the proximate cause of actual damages including "lost profits in the past and in the future" and "court costs, attorneys fees, and other expenses associated with the contract and the related steps taken in furtherance of the agreement." *Id.* ¶¶ 14, 16–17. These allegations provide sufficient factual basis, if taken as true, to support the third and fourth elements of the tortious interference with contract claim.

*Affirmative Defense of Justification*

An affirmative defense may be considered when ruling on a 12(b)(6) motion if that defense "appears on the face of the pleadings." *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994). In Texas, justification is recognized as an affirmative defense to tortious interference with contract so long as the interfering activity is within one's legal rights or a good-faith claim to a colorable legal right. *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210–11 (Tex. 1996). Bella alleges that AHM's refusal to approve the dealership sale is in violation of section 2301.359 of the Texas Occupation Code because the refusal was not "due to a moral character issue or failure to meet uniformly applied, reasonable, and written standards for business experience and financial qualifications." Complaint ¶¶ 12–13. These facts, taken in a light most favorable to Bella, are sufficient to overcome the affirmative defense of justification at the pleading stage.

Finally, AHM argues that the complaint is insufficient because it relies on a section of the Texas Occupation Code that is applicable only to dealers in dealership transactions, not third-parties to those transactions. Section 2301.359 is applicable to dealers; however, a dealer's violation of this section may be relevant to a third-party that alleges the violation was part of a tortious interference with contract. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207–09 (Tex. 2002) (recognizing that a dealer's violation of section 5.01B of the Motor Vehicle Commission Code[1] may be relevant to a third-party's allegations of tortious interference with contract).

---

[1] Section 5.01B of the Motor Vehicle Commission Code was recodified as section 2301.359 of the Texas Occupation Code on June 1, 2003. *See* 2001 Tex. Gen. Laws 1421.

## CONCLUSION

Bella has properly pleaded a complaint for tortious interference with a contract under Texas law. The alleged facts reveal a purported contract, interference with the closing of that contract, and that the interference was the proximate cause of actual damages. For these reasons, AHM's Motion to Dismiss Under Rule 12(b)(6) is **DENIED**.

**So ORDERED and SIGNED this 12th day of September, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**